# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TAMMI P. BOWDEN | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 975 |
| | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| KIRKLAND & ELLIS LLP | ) | Magistrate Judge Cole |
| An Illinois limited liability partnership, | ) | |
| | ) | |
| Defendant. | ) | |
| NANCY J. GAGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 979 |
| v. | ) | (Consolidated With Case No. 07 C 975 |
| | ) | for Purposes of Discovery Only) |
| KIRKLAND & ELLIS LLP | ) | |
| An Illinois limited liability partnership, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

It is the plaintiffs' theory in their claims under the Electronic Communications Privacy Act ("ECPA") that Kirkland & Ellis intercepted and recorded their private telephone calls made on their cellular telephones without their knowledge or consent. Kirkland & Ellis has adamantly denied the charges. In an attempt to prove the ECPA claims, the plaintiffs issued a number of subpoenas to third party telephone service providers in 2007. Kirkland & Ellis, beginning in April 2007, moved to quash the subpoenas on the grounds of undue burden. Judge Pallmeyer expressed reservations about the technical possibility that Kirkland & Ellis could have done what was charged and further expressed doubt about its standing to object to the subpoenas under Rule 45. Since none of the

respondents objected, the subpoenas were complied with and records relating to perhaps as many as 1,500,000 telephone calls were produced. Although, as Judge Pallmeyer recognized on August 22, 2007, Kirkland & Ellis' objections were rendered moot in light of the compliance (Motion at 14), and although there are no outstanding subpoenas to telephone service providers, the plaintiffs have filed a "Joint Motion For A Definite Ruling On Questions Affecting Plaintiffs' Right To Conduct Discovery On Their ECPA Claims." [91].[1] The motion seeks a "definite ruling on whether [plaintiffs] has established that interception of [their] cellular telephone calls is technologically possible." Motion at 1. Judge Pallmeyer has referred the matter here for resolution.

This morning a two-hour motion hearing was held. For the reasons discussed at the hearing, the Motion is denied. In brief, I denied the motion because, given the present status of discovery, the motion does not present a justiciable case or controversy, but rather seeks an advisory opinion on a question that is inextricably bound up with the ultimate merits of the plaintiffs' ECPA claim and Kirkland & Ellis' defense to that claim.

Obviously, if interception of the plaintiffs' telephone calls is technologically impossible, the plaintiffs' ECPA claim is a loser. Conversely, if the technology exists to allow the claimed interception, that is at least some evidence – although obviously by itself not enough – to support those claims. Indeed, the motion itself recognizes that the question it raises "concerns disputed allegations and defenses in these cases." Motion at 7-8. However, resolution of this critical, hotly disputed and exceedingly technical issue is not only impossible on the strength of the present record, but singularly inappropriate since it would potentially result in a merits-based determination of the

---

[1] The motion, which is filed *pro se* and which the movants represented to the court that they authored, reflects a level of skill and a familiarity with federal procedures and rules that equals or exceeds that of most lawyers who practice in this court.

2

core component of the plaintiffs' ECPA claim and the defendant's defense to it. The question that the motion asks me to "definite[ly]" answer, Motion at 1, is a matter to be resolved at trial or on summary judgment, not on a motion like that presently before the court.

Moreover, the motion seeks a "definite ruling" on a question that need not now be answered – even if it were otherwise appropriate and possible to do so. The question raised by the motion only becomes important if subpoenas to other telephone service providers are issued by the plaintiffs at some point in the future *and* if Kirkland & Ellis objects to them. Of course, it is impossible to forecast events still in the womb of time and so one cannot say with any degree of certainty that either, let alone both, of those events will occur. Hence, the motion raises an issue that is not ripe for resolution – even assuming for the sake of argument that it would have to be answered if both events occurred. Phrased differently, the motion seeks an advisory opinion, which is impermissible under the case or controversy requirement of Article III of the Constitution. *Flying J, Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008).

If there are any further subpoenas by plaintiffs under Rule 45 to third party providers of telephone services, and, if the defendant seeks to quash those subpoenas, the objections will be considered in the analytical framework discussed during the hearing this morning and against the backdrop of the various cases provided to the parties by the court. Those cases involved: 1) a party's standing to object to a subpoena directed to a third party, *see e.g.*, *Finley v. Pulcrano*, 2008 WL 4500862 *1 (N.D.Cal. 2008); *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277 *2 (S.D.Fla. 2008); *Televisa, S.A. de C.V. v. Univision Communications, Inc.*, 2008 WL 4951213 *1-2 (C.D.Cal. 2008); *Coffeyville Resources Refining & Marketing, LLC v. Liberty Surplus Ins. Corp.*, 2008 WL 4853620 *1 (E.D.Ark. 2008); *DeMarco v. Chomas*, 2008 WL 4693541 *3 (E.D.Wis.

3

2008), and *Mosely v. City of Chicago*, 252 F.R.D. 421 (N.D.Ill. 2008); *United States v. Amerigroup*, 2005 WL 3111972 (N.D.Ill. 2005); 2) the meaning of relevance under Rule 26, Federal Rules of Civil Procedure, *see, e.g., Jackson v. Parker*, 2008 WL 4844747 * 1 (N.D.Ill. 2008); *Hodgdon v. Northwestern University*, 245 F.R.D. 337 (N.D.Ill. 2007); 3) whether an allegation that the requested discovery involves a "fishing expedition" is a self-sufficing reason to deny discovery, *Mosely*, 252 F.R.D. at 428; and 4) what are the considerations under Rule 45 for determining whether a subpoena is reasonable and whether a protective order can be issued. *Id.*

In the event of further discovery disputes, there must be strict compliance with the meet and confer requirements of Local Rule 37, and the certificate of compliance must reflect the items discussed on an item by item basis, stating what was discussed and describing with precision, the underlying basis for the continued dispute and whether there were any offers to narrow the range of the information sought by each document request or interrogatory and why the offered narrowing of the discovery requests was not acceptable. *See Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.*, 2007 WL 2736681 (N.D.Ill. 2007) and *Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.*, 2007 WL 2198773 (N.D.Ill. 2007).

## CONCLUSION

The Joint Motion For A Definite Ruling On Questions Affecting Plaintiffs' Right To Conduct Discovery On Their ECPA Claims [91] is denied.

ENTERED: /s/ Jeff Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 1/9/09

4